IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02789-PAB-BNB

RALEN SHANE WANSTALL,

    Plaintiff,

v.

JOSEPH ARMIJO, Correctional Officer, USP-Florence, in his individual capacity,
JEFFREY KAMMRAD, Senior Officer, USP-Florence, in his individual capacity,
CHARLES DANIELS, Warden, USP-Florence, in his individual capacity, and
JANE/JOHN DOE, Associate Warden, USP-Florence, in his or her individual capacity,

    Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. If Defendants produce to Plaintiff a document that would otherwise be protected under the Privacy Act, 5 U.S.C. § 552, this Protective Order constitutes an order of the Court pursuant to 5 U.S.C. § 522a(b)(11), which allows for such production.

4. Under this Protective Order, documents, materials, and/or information may be marked either "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

5. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the personal privacy of the Plaintiff, other inmates, and staff (including, but not limited to, psychological and medical records), and the institutional management adjustment of the Plaintiff and other inmates. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. The protections granted by this Protective Order shall not be waived.

6. Documents, materials, and/or information shall be designated as CONFIDENTIAL by marking them "CONFIDENTIAL."

7. Documents, materials, and/or information marked "CONFIDENTIAL" shall not, without the consent of the Federal Bureau of Prisons or further Order of the Court, be *produced* to Plaintiff and allowed to remain in his possession. However, documents, materials, and/or information marked "CONFIDENTIAL" *may be shown* to Plaintiff, as long as Plaintiff does not retain in his possession a copy of those documents, materials and/or information.

8. Documents, materials, and/or information pertaining to sensitive and official-use only records, as well as prison security and safety and/or law enforcement techniques of the Bureau of Prisons, are designated as "CONFIDENTIAL" by marking them "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY." CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY information shall not be disclosed to or discussed with Plaintiff, nor may Plaintiff possess such information.

9. "CONFIDENTIAL" documents shall not, without the consent of the Federal Bureau of Prisons or further Order of the Court, be disclosed to any persons *except that* such information may be disclosed to the following individuals for the sole purpose of litigating this case:

   a. Mr. Ralen Wanstall;

   b. attorneys actively working on this case;

   c. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   d. the Court and its employees ("Court Personnel");

   e. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   f. Other persons by written agreement of the parties.

10. "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" documents shall not, without the consent of the Federal Bureau of Prisons or further Order of the

Court, be disclosed to any persons *except that* such information may be disclosed to the following individuals for the sole purpose of litigating this case:

    a.    attorneys actively working on this case;

    b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.    the Court and its employees ("Court Personnel");

    d.    Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.    Other persons by written agreement of the parties.

11. If additional disclosure is needed of "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information, counsel for Plaintiff will contact counsel for Defendants to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within ten (10) business days, either party may file an appropriate motion with the Court. Said motion may request in camera review of the "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information.

12. Prior to disclosing any "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information to any person listed above in Paragraphs 9 and 10 (other than counsel and persons employed by counsel), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera

review by the Court if good cause for review is demonstrated by the opposing party.

13. Whenever a deposition involves the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY," after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

14. A party may object to the designation of particular information as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" by giving written notice to the counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.

15. If such a motion is timely filed, the disputed information shall be treated as

"CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" and shall not thereafter be treated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

16. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies (electronic and physical) thereof which have been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" shall be returned to the Federal Bureau of Prisons c/o the Colorado Consolidated Legal Center, to be addressed as follows:

Chris Synsvoll
Supervisory Attorney
Colorado Consolidated Legal Center
U.S. Penitentiary – ADX
P.O. Box 8500
Colorado Springs, CO 81226.

17. At the time of the filing of this Protective Order, the following categories of "CONFIDENTIAL" documents exist: (1) videographic footage; (2) FLP-12-0062 Inmate Investigative Report; (3) Initial Incident Reports for Jimir Martinez, Register No. 11274-208; (4) FLP-12-0006 Form 583 Report of Incident; (5)

Photograph Form of "Martinez, Ralen #07385-091" [sic]; (6) Memorandum for Special Management Unit Lieutenant, from K. Allen, Bravo Unit Secretary, dated October 12, 2011, regarding "Immediate Use of Force Debriefing"; (7) Memorandum for K. Lincoln, SMU Lt., from E. Anderson, Senior Officer Specialist, dated October 12, 2011, regarding Fight B/A Unit; (8) Memorandum for W. Hutchings, Captain, from K. Lincoln, Lieutenant SMU, dated October 12, 2011, regarding "Inmate on Inmate Fight Bravo Alpha, SMU Unit"; (9) Memorandum for K. Lincoln, Lieutenant, from J. Armijo, S.O.S., dated October 12, 2011, regarding "Bravo-A Fight"; (10) Memorandum for Operations Lieutenant, from John Bellantoni, SOE, dated October 12, 2011, regarding "Assault, Bravo A"; (11) Memorandum for M. Wacker, Operations Lieutenant, from M. Burford, Captain Secretary, dated October 12, 2011, regarding "Bravo-A Fight Called"; (12) Memorandum for K. Lincoln, SMU Lieutenant, from R. Geist, Recreation Specialist, dated October 12, 2011, regarding "Immediate Use of Force"; (13) Memorandum for M. Wacker, Operations Lieutenant, from S. Hart, Senior Officer Specialist, dated October 12, 2011, regarding "Fight in B/A Unit"; (14) Memorandum for M. Wacker, Operations Lieutenant, from J. Kammrad, Senior Officer, dated October 12, 2011, regarding "Fight in Special Management Unit"; (15) Memorandum for M. Wacker Operations Lieutenant, from R. Taylor Senior Officer, dated October 12, 2011, regarding "Fight in B/A"; (16) Staff Injury Assessment and Follow-Up for: S.O.S. Taylor, Lt. Lincoln, S.O.S. Kammrad, S.O.S. Hart, S.O.S. Geist, S.O.S. Armijo, S.O.S. Anderson, S.O.S. K. Allen; (17)

Employee Training Transcripts; (18) Roster, dated October 12, 2011; (19) Initial Incident Report for Ralen Wanstall, Register No. 07285-091;

18. At the time of the filing of this Protective Order, the following categories of "CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY" documents exist: (1) USP Florence Daily Assignment Roster, for Wednesday, October 12, 2011.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 9th day of July, 2014.

BY THE COURT:

_____
United States Magistrate Judge