IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02789-PAB-BNB

RALEN SHANE WANSTALL,

Plaintiff,

v.

JOSEPH ARMIJO, Correctional Officer, United States Penitentiary-Florence, in his individual capacity;
JEFFREY KAMMRAD, Senior Officer, United States Penitentiary-Florence, in his individual capacity;
CHARLES DANIELS, Warden, United States Penitentiary-Florence, in his individual capacity;
JANE/JOHN DOE, Associate Warden, United State Penitentiary-Florence, in his or her individual capacity,
FEDERAL BUREAU OF PRISONS; and
CHARLES SAMUELS, Director, Federal Bureau of Prisons, in his official capacity,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1)    Defendants' **Motion to Stay Discovery and to Vacate Deadlines In Scheduling Order** [Doc. # 56, filed 7/7/2014] (the "First Motion to Stay");

(2)    Defendants' **Motion to Stay Discovery and to Vacate Deadlines In Scheduling Order** [Doc. # 87, filed 8/7/2014] (the "Second Motion to Stay");

(3)    **Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Written Discovery** [Doc. # 63, filed 7/10/2014] (the "Motion to Compel");

(4)    **Federal Bureau of Prisons' Motion for a Protective Order** [Doc. # 81, filed 8/1/2014] (the "BOP Motion for Protective Order"); and

(5)   Armijo, Kammrad, and Daniels' **Motion for Protective Order** [Doc. # 82, filed 8/1/2014] (the "Individual Defendants' Motion for Protective Order").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here.

IT IS ORDERED:

(1)   The First Motion to Stay [Doc. # 56] is DENIED as moot.

(2)   The Second Motion to Stay [Doc. # 87] is DENIED based on the reasoning in Rome v. Romero, 225 F.R.D. 640 (D. Colo. 2004), and L.J. v. Parker Personal Care Homes, Inc., 2014 WL 1515574 (D. Colo. April 18, 2014).

(3)   The Motion to Compel is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to overrule the General Objection that documents in the possession, custody, and control of the Bureau of Prisons (the "BOP") are not available to the individual defendants to the extent that BOP documents are available to the individual defendants for review and/or use by them or their counsel in their defenses of the plaintiff's claims;

• GRANTED to compel an answer by Warden Daniels to Admission Requests 2 and 20;

• GRANTED to compel clarification and a complete answer by Officer Armijo to Interrogatories 6, 15, and 17;

• GRANTED to compel an answer by Officer Armijo to Admission Requests 16 and 20;

• GRANTED to require supplemental production of documents in response to

Production Requests 1 and 12; and

- DENIED in all other respects.

The defendants shall make supplemental discovery responses consistent with this Order and in full compliance with the formalities of the Federal Rules of Civil Procedure on or before September 10, 2014.

(4) The BOP Motion for Protective Order [Doc. # 81] and the Individual Defendants' Motion for Protective Order [Doc. # 82] are DENIED as moot.

(5) The parties shall confer and agree to the date, time, and place of the depositions of Joseph Armijo, Jeffrey Kammrad, and Charles Daniels to occur not before September 15, 2014, nor after October 10, 2014. Unless expressly stayed by an order of the court, the depositions shall occur as agreed by the parties. In particular, local rule of practice 30.2(a), D.C.COLO.LCivR, shall not be applicable to stay these depositions.

Dated August 20, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge