IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02789-PAB-BNB

RALEN SHANE WANSTALL,

     Plaintiff,

v.

JOSEPH ARMIJO, Correctional Officer, USP-Florence, in his individual capacity,
JEFFREY KAMMRAD, Senior Officer, USP-Florence, in his individual capacity,
CHARLES DANIELS, Warden, USP-Florence, in his individual capacity,
JANE/JOHN DOE, Associate Warden, USP-Florence, in his or her individual capacity,
FEDERAL BUREAU OF PRISONS, and
CHARLES SAMUELS, Director, Federal Bureau of Prisons, in his official capacity,

     Defendants.

---

## ORDER

---

This matter is before the Court on the Objections by the Individual Defendants to Magistrate Judge Order Denying Motion to Stay Based on Qualified Immunity [Docket No. 101] filed by Joseph Armijo, Jeffrey Kammrad, and Charles Daniels (the "individual defendants"). The subject of the individual defendants' appeal is the magistrate judge's August 20, 2014 order [Docket No. 100] denying the individual defendants' Motion to Stay Discovery and to Vacate Deadlines in Scheduling Order [Docket No. 87].

The following facts are relevant to resolving defendants' objections. In 2010, plaintiff notified United States Bureau of Prisons ("BOP") staff members at USP-Lewisburg that he was dropping out of the Sureños prison gang. Docket No. 75 at 3, ¶ 11. In 2011, the BOP transferred plaintiff to USP-Florence. *Id.* at 4, ¶ 19. At USP-Florence, plaintiff was placed in the Special Management Unit ("SMU"). *Id.* at 4, ¶ 20.

He notified staff at USP-Florence that he was not to have contact with active Sureños members.  *Id.* at 6, ¶ 29.  On October 12, 2011, while housed at the USP-Florence SMU, plaintiff was assaulted by an active Sureños gang member while under the supervision of Correctional Officers Armijo and Kammrad.  *Id.* at 8, ¶¶ 48-51.  Plaintiff suffered multiple stab wounds.  *Id.* at 8, ¶ 55.  On July 18, 2012, plaintiff was transferred to a BOP facility in Kentucky.  *Id.* at 9, ¶ 63.

On July 28, 2014, plaintiff filed the Second Amended Complaint and Jury Demand.  Docket No. 75.  Plaintiff brings a claim for violation of the Eighth Amendment pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against each of the individual defendants and Jane/John Doe, Associate Warden at USP-Florence, in their individual capacities.  Docket No. 75 at 14-15.  Plaintiff's second amended complaint also added claims against the BOP and Charles Samuels, director of the BOP, in his official capacity.  *Id.* at 16.  On July 30, 2014, the individual defendants filed a motion to dismiss on the issue of qualified immunity, arguing that plaintiff failed to allege the individual defendants' personal participation in the allegedly unconstitutional conduct and failed to allege sufficient facts to support an Eighth Amendment claim.  Docket No. 77 at 7, 10.  On August 7, 2014, the individual defendants filed the subject motion to stay discovery and vacate the scheduling order deadlines, arguing that discovery should be stayed pending resolution of the qualified immunity defense raised by the individual defendants.  Docket No. 87.  Plaintiff responded, arguing that the individual defendants' assertion of qualified immunity raises factual issues and is unlikely to be successful.  Docket No. 94 at 2.

Plaintiff also noted that considerable discovery has already taken place.  *Id.*  On August

20, 2014, the magistrate judge held a motions hearing and issued findings from the

bench.  Docket No. 100 at 2.  As relevant here, the magistrate judged denied the

individual defendants' motion to stay based upon *Rome v. Romero*, 225 F.R.D. 640 (D.

Colo. 2004), and *L.J. v. Parker Personal Care Homes, Inc.*, No. 13-cv-03319-WJM-

BNB, 2014 WL 1515574 (D. Colo. April 18, 2014), and ordered that defendants make

supplemental discovery responses on or before September 10, 2014 and that the

depositions of the individual defendants be taken between September 15 and October

10, 2014.  *Id.* at 2-3.  On August 25, 2014, the individual defendants filed the present

objection, arguing that the magistrate judge's denial of their motion to stay was clearly

in error.  Docket No. 101 at 5.  On August 26, 2014, the individual defendants filed a

motion seeking an expedited stay of the magistrate judge's order pending the resolution

of their objection, seeking to stay depositions of the individual defendants.  Docket No.

103 at 1.  On September 15, 2014, the individual defendants filed an emergency motion

seeking to expedite the resolution of their objections.  Docket No. 112.  The individual

defendants indicate that their depositions are scheduled for September 23 and 29, and

October 1.  *Id.* at 2.  Plaintiff did not file a response to the individual defendants'

objections, but has responded to the emergency motion.[1]

_____

[1]Plaintiff argues that, because Fed. R. Civ. P. 72(a) does not provide a specific
time in which to respond to an objection on a nondispositive order, D.C.COLO.LCivR
7.1(d) affords him 21 days from the service of the individual defendants' objections in
which to file a response.  Docket No. 113 at 3.  However, plaintiff does not account for
the fact that Rule 72(a), unlike Rule 72(b), does not provide for a response to an
objection as a matter of course.  Moreover, given that the individual defendants'
depositions were to be scheduled between September 15 and October 10, 2014 and
that the individual defendants filed two motions to expedite resolution of the objections,

3

District courts review magistrate judges' orders regarding nondispositive motions under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently.  *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).  A district court must affirm a magistrate judge's decision unless "'on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed.'"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The individual defendants first argue that, because a qualified immunity defense has been raised, discovery should be stayed until the defense is resolved.  Docket No. 101 at 5.  Qualified immunity shields government officials from claims for money damages absent a showing that (1) the official violated a constitutional right and (2) the right was "clearly established" at the time the challenged conduct occurred.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity provides a defense to trial and the other burdens of litigation such as discovery, rather than just liability.  *See Saucier v. Katz,* 533 U.S. 194, 200 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).  The Supreme Court has suggested that the threshold question of qualified immunity should be resolved before permitting discovery.  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  However, a qualified immunity

─────────────────────

the exigency of this matter was apparent.  In any event, the Court has reviewed plaintiff's arguments in his opposition to the individual defendants' motion to stay discovery and plaintiff's arguments in his response to the emergency motion.

defense does not automatically bar all discovery. *See Currier v. Doran,* 242 F.3d 905, 916-17 (10th Cir. 2001); *see id.* at 914 (although qualified immunity protects public officials "from the costs associated with defending against lawsuits, particularly baseless ones, it d[oes] not follow that a defendant's claim of qualified immunity c[an] always be resolved before at least some discovery [is] conducted.") (citing *Crawford-El*, 523 U.S. at 591-93 & 593 n.14). Rather, defendants asserting qualified immunity are entitled to be shielded from "unnecessary and burdensome discovery." *Rome*, 225 F.R.D. at 643 (quoting *Crawford-El*, 523 U.S. at 598). As the Tenth Circuit has stated, "[q]ualified immunity does not shield government officials from all discovery but only discovery which is either avoidable or overly broad. Discovery designed to flesh out the merits of plaintiff's claim before a ruling on the immunity defense . . . would certainly fall within this category." *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001) (quotations omitted). Moreover, as noted in *Rome*, qualified immunity's shield against burdensome discovery is not applicable to government entities or to claims for declaratory or injunctive relief. 225 F.R.D. at 643.

The magistrate judge made reference to *Rome*, where the court considered the proper scope of a stay of discovery when qualified immunity had been raised in a motion for summary judgment. *Id.* at 644-45. The court determined the defendant-entities not entitled to a stay of discovery on claims against them. *Id.* The court further determined that limited discovery relating directly to the contested facts regarding the specific incident underlying the claims and defense of immunity was appropriate, but stayed all other discovery as it related to claims brought against the individual

defendants.  *Id.*   The magistrate judge also referred to *Parker Personal Care*, where

plaintiff brought 42 U.S.C. § 1983 claims against defendants in their individual and

official capacities and the defendants, in their individual capacities, filed a motion to

dismiss raising the qualified immunity defense.  2014 WL 1515574, at * 1.  The

magistrate judge, citing *Rome*, granted a stay prohibiting discovery that sought

information "other than that relating to disputed factual issues regarding the actual

events giving rise to the qualified immunity defense" and permitted discovery, as

relevant here, to the extent it sought information from the individual defendants as

ordinary fact witnesses.  *Id.* at *2.

The individual defendants fail to make a compelling case that clear error exists in

the decision not to stay discovery in its entirety.  Plaintiff brings claims against the BOP

and Director Samuels in his official capacity and seeks injunctive relief concerning his

current conditions of confinement, none of which are subject to the qualified immunity

defense.  Docket No. 75 at 16-17.  Although the individual defendants argue that they

would necessarily be involved in discovery related to such claims, qualified immunity

does not provide a broad protection against all discovery.  *See Rome*, 225 F.R.D. at

645 (permitting discovery related to claims for declaratory and injunctive relief and

"seeking information regarding the individual Defendants' version of the incidents in

question").  The Court also rejects the individual defendants' argument that, regardless

of whether qualified immunity has been asserted, defendants are entitled to a stay as a

matter of course pending the resolution of the motion to dismiss.  The individual

defendants fail to show that plaintiff's claims are so obviously baseless that it would be

clear error not to entirely stay discovery at this stage of the litigation.  *Cf. Jensen v.*

*America's Wholesale Lender*, 425 F. App'x 761, 764 (10th Cir. 2011) (holding that "broad and conclusory nature" of plaintiff's claims did not entitle plaintiff to overcome a motion to dismiss, rejecting plaintiff's argument that they could further establish claim through discovery). Thus, the individual defendants have failed to show that discovery should be stayed in its entirety.

The question then becomes what, if any, discovery should be permitted. The individual defendants represent that their depositions have been scheduled between September 15 and October 10, 2014. Docket No. 103 at 1. Depositions are generally the most burdensome aspect of discovery on individual defendants. *Cf. Herrera v. Santa Fe Pub. Schs.*, 2012 WL 6846393, *7 (D.N.M. Dec. 20, 2012) (finding that conducting deposition of individual defendant asserting qualified immunity defense was unduly burdensome on individual defendant). Because the individual defendants have raised the qualified immunity defense in a motion to dismiss, the Court must accept plaintiff's factual allegations as true, obviating any need for discovery in resolving the individual defendants' motion. *Cf. Rome*, 225 F.R.D. at 644 (noting that, where summary judgment motion was pending, plaintiff and defendants offered differing versions of the underlying incident). The fact that considerable discovery against the individual defendants has already been conducted does not require that such discovery continue. *See Herrera*, 2012 WL 6846393, at *7 ("That Romero has already been subjected to the burdens of litigation for eighteen months does not lessen the protection to which she is entitled under the law."). Thus, the Court finds that the individual defendants are entitled to a stay of discovery with respect to the taking of their own depositions.

The next question is whether the individual defendants should nevertheless be subject to depositions for information relevant to plaintiff's claim against the BOP. Plaintiff's response brief states only that "Plaintiff's claim against the BOP is inextricably intertwined with the individual defendants' conduct, knowledge, and observations." Docket No. 94 at 8.  However, given that plaintiff is no longer housed at USP-Florence, it is not clear that the individual defendants have knowledge relevant to plaintiff's claims for injunctive relief, which seek to correct problems with his current housing and change BOP policy.  Docket No. 75 at 16-17.  Moreover, it is not clear that the individual defendants have knowledge relevant to plaintiff's claim that the BOP and Director Samuels "have actual knowledge of a continuing and ongoing substantial risk of serious harm to Mr. Wanstall."  *Id.* at 16, ¶ 102.  Thus, plaintiff has failed to identify, with any specificity, what knowledge the individual defendants possess that is directly relevant to his claims against the BOP.  *See B.T. v. Davis*, 557 F. Supp. 2d 1262, 1286-87 (D.N.M. 2007) (denying request for additional discovery because plaintiff's counsel failed to identify how additional discovery concerning defendants' subjective awareness would be relevant to summary judgment on the issue of qualified immunity).  Thus, the Court cannot conclude that the taking of the individual defendants' depositions is warranted at this juncture.[2]

For the foregoing reasons, it is

**ORDERED** that the Objections by the Individual Defendants to Magistrate Judge

---

[2]To the extent this ruling affects plaintiff's ability to respond to a summary judgment motion, plaintiff has several remedies available including a request to extend the deadlines for dispositive motions or responding to a motion for summary judgment in accordance with Fed. R. Civ. P. 56(d).

Order Denying Motion to Stay Based on Qualified Immunity [Docket No. 101] are **SUSTAINED** in part and **OVERRULED** in part.  It is further

ORDERED that the taking of the individual defendants' depositions is **STAYED** pending the resolution of the individual defendants' Motion to Dismiss [Docket No. 77].  It is further

ORDERED that the individual defendants' objections are **OVERRULED** in all other respects.  It is further

ORDERED that defendants' Expedited Motion by Individual Defendants for Immediate State of Order of Magistrate Judge Pending Resolution of Objections [Docket No. 103] is **DENIED** as moot.  It is further

ORDERED that defendants' Emergency Motion by Individual Defendants for District Judge to Expedite Resolution of Objections to Order of Magistrate Judge Denying Motion to Stay Based on Qualified Immunity [Docket No. 112] is **DENIED** as moot.

DATED September 16, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge